FILED
SUPERIOR COURT
OF GUAM

2019 FEB 19 AM II: 17

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>FRANKIE LEON GUERRERO SANTOS, JR.,<br><br>Defendant. | CRIMINAL CASE NO. CF0713-18<br><br>DECISION AND ORDER |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on February 14, 2019, for hearing on Defendant Frankie Leon Guerrero Santos, Jr.'s ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Alternate Public Defender Bryson Brezeale, and Assistant Attorney General Thomas R. Neuman was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on January 28, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On December 6, 2018, Defendant was indicted with the following charges: (1) Third Degree Criminal Sexual Conduct (As a Second Degree Felony); (2) Family Violence (As a Third Degree Felony); (3) Family Violence (As a Misdemeanor); and (4) Unlawful Restraining (As a Misdemeanor). (Indictment, Dec. 6, 2018). These charges stem from allegations that

*People v. Santos*
Case No. CF0713-18
Decision and Order

Defendant sexually assaulted T.L.Q. (DOB: 05/01/1983) in August 2018 after locking a room and handcuffing her to a chair, and in November 2018 shoved T.L.Q. into her bedroom, grabbed her neck and strangled her, after telling her to "stop yelling or I'll punch you!". (Decl. of Christine Tenorio, Magistrate's Compl., Nov. 29, 2018).

On January 23, 2019, at Arraignment, Defendant asserted his right to a speedy trial. Jury Selection and Trial is currently set for March 6, 2019.

On February 7, 2019, Defendant filed a Motion and Application for Bail Redetermination Hearing under 8 G.C.A. § 40.50 for Release on Personal Recognizance. Defendant is confined pending the posting of $15,000 cash bail. *See* Commitment Order, Nov. 29, 2018. The Government did not file a written response to the motion, but requested at the February 14, 2019 hearing that if Defendant were to be released, he be monitored closely with third-party custodians.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the fifteen thousand dollar ($15,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Feb. 7, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i)     length of his/her residence on Guam;
    (ii)    his/her employment status and history, and financial condition;
    (iii)   his/her family ties and relationships;
    (iv)   his/her reputation, character and mental and physical condition;

  (v)  his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

  (vi)  his/her history relating to drug or alcohol abuse;

  (vii)  the identity of the reasonable members of the community who will vouch for his/her reliability;

  (viii)  whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

  (ix)  his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized

interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a U.S. citizen and a resident of Guam; he has most of his family ties on Guam and would live with his father; he has three (3) children; and is currently self-employed. (Mot. at 4).

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and whether Defendant will appear in court when required. The Court recognizes the very serious nature of the offenses charged, along with the potential sentence Defendant would face should he be convicted of the charges. Defendant is accused of locking the alleged victim in a room and raping her while she was handcuffed to a chair, and a few months later, grabbing her neck and strangling her. Defendant faces up to ten years for the charge of Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and up to five years for the charge of Family Violence (As a Third Degree Felony). *See* 9 G.C.A. §§ 25.25; 30.20(a); 80.30(b); and 80.30(c). Such a lengthy potential sentence would give anyone so accused considerable incentive to avoid future court hearings in the matter.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community or Defendant's further appearance in court. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A Pre-Trial Conference is set for February 26, 2019 at 10:00 AM.

**IT IS SO ORDERED,** *nunc pro tunc* to February 14, 2019, this ___**FEB 19 2019**___.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

___AG's, APD___

Date 2-19-19 Time 11:30am
Deputy Clerk, Superior Court of Guam

*People v. Santos*
Case No. CF0713-18
Decision and Order